UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SHARON HAYES and CARIE WARMACK, on behalf of
themselves and all others similarly situated,

                              Plaintiffs,

v.

FIRST SOURCE FEDERAL CREDIT UNION,

                              Defendant.

5:23-cv-875 (BKS/TWD)

_____

**Appearances:**

*For Plaintiffs:*
Jeffrey D. Kaliel
KalielGold PLLC
1100 15th Street NW, 4th Floor
Washington D.C. 20005

Sophia G. Gold
KalielGold PLLC
950 Gilman Street, Suite 200
Berkeley, CA 94710

Christopher D. Jennings
Tyler B. Ewigleben
Johnson Firm
610 President Clinton Avenue, Suite 300
Little Rock, AR 72221

*For Defendant:*
Peter G. Siachos
Gordon Rees Scully Mansukhani, LLP
1 Battery Park Plaza, 28th Floor
New York, NY 10004

Stephanie Imbornone
Gordon Rees Scully Mansukhani, LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Plaintiffs Sharon Hayes and Carie Warmack bring this putative class action under 28 U.S.C. § 1332(d) asserting claims against Defendant First Source Federal Credit Union for breach of contract, including breach of implied covenant, and for deceptive acts or practices prohibited under Section 349 of the New York General Business Law. (Dkt. No. 13). Currently before the Court is Defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 17). The motion is fully briefed. (Dkt. Nos. 17-1, 20, 21). For the following reasons, the Court denies Defendant's motion to dismiss.

**II.     FACTS[1]**

Defendant "is a bank" headquartered in New Hartford, New York, "with over $930 million dollars in assets." (Dkt. No. 13, ¶ 11). Plaintiffs are residents of New York and have checking accounts with Defendant. (*Id.* ¶¶ 8, 10).

Plaintiffs allege that during the relevant time period, i.e., prior to February 2023, Defendant's account documents (the "Account Documents")[2] "contain[ed] explicit terms

---

[1] The facts are drawn from Plaintiffs' amended complaint and exhibits attached thereto. (Dkt. No. 13). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

[2] Plaintiffs describe the Account Documents as "provid[ing] the general terms of Plaintiffs' relationship with [Defendant] and therein [Defendant] makes explicit promises and representations regarding how transactions will be processed, as well as when [insufficient fund fees] and [overdraft fees] may be assessed." (Dkt. No. 13, ¶ 23). Plaintiffs have attached the Membership and Account Agreement, (Dkt. No. 13-1), and Overdraft Privilege Disclosure, (Dkt. No. 13-2), both dated February 2023. Plaintiffs indicate they attempted to "request their account documents and account statements from Defendant and its counsel," but were unable to do so, and that the Account Documents attached to the amended complaint are those "that Plaintiffs have been able to find." (Dkt. No. 13, ¶ 15 n.1; *see also id.* ¶¶ 60, 61; Dkt. No. 13-3; Dkt. No. 13-5). While Plaintiffs allege that Defendant's refusal to provide them the requested documents is a violation of federal law, (Dkt. No. 13, ¶ 15 n.1; *see id.* ¶¶ 56–61), and Defendant contests

2

indicating that fees," specifically overdraft fees or fees for insufficient funds, would "only be assessed once per check or item."[3] (*Id.* ¶ 24). More specifically, Plaintiffs allege that these Account Documents "indicate that a singular fee can be assessed on checks, ACH debits, and electronic payments," and that Defendant "will charge a single fee per item that is returned due to insufficient funds." (*Id.* ¶¶ 25–26). Plaintiffs state that "[t]here is zero indication anywhere in the [A]ccount [D]ocuments . . . that the same item is eligible to incur multiple fees" and that the disclosures from this period "never discuss a circumstance where [Defendant] may assess multiple fees for a single check or ACH transaction that was returned for insufficient funds and later reprocessed one or more times and returned again." (*Id.* ¶¶ 28, 30).

Plaintiffs further allege "[u]pon information and belief, in contrast to its Account Documents in effect at the time," Defendant "regularly assess[ed] two or more fees on the same item." (*Id.* ¶ 15). Plaintiffs were "assessed multiple fees on an item" prior to February 2023. (*Id.* ¶¶ 19, 21).

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient; rather, a plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The Court must

---

these allegations, (Dkt. No. 17-1, at 12–16; *see also* Dkt. No. 17-2), it is unnecessary to consider the issue in resolving the pending motion and the Court does not address it further.

[3] Plaintiffs acknowledge that the Account Documents currently in effect contain a disclosure stating, "Multiple Fees per Item are Possible," and explaining that "you may be charged multiple [insufficient funds] fees in connection with a single debit that has been returned for insufficient funds multiple times." (Dkt. No. 20, at 5; *see* Dkt. No. 13-2, at 4).

"accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *E.E.O.C. v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   DISCUSSION

### A.   Matters Outside the Pleadings

Both parties have submitted additional documents for the Court's consideration on the motion to dismiss. Plaintiffs have submitted guidance from the Federal Deposit Insurance Corporation, (Dkt. Nos. 20-1, 20-2), and guidance from the New York Department of Financial Services, (Dkt. No. 20-3). Defendant has submitted a declaration from its "Chief Financial Officer," Pamela Goodison ("Goodison Declaration"), (Dkt. No. 17-2), a declaration from counsel in this matter, Peter G. Siachos, (Dkt. No. 21-1), a copy of former plaintiff Jamie Sardo's redacted signature-cards, (Dkt. No. 21-2), a copy of Sardo's account statements from November 2022 to January 2023, (Dkt. No. 21-3), and a copy of a Motion for Terminating Sanctions filed in the Superior Court of the State of California in Case No. MSC21-02089, (Dkt. No. 21-4).

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself," *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). However, considering "materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Id.* "A complaint 'is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby

4

rendering the document 'integral' to the complaint." *Id.* at 230 (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)). "[I]f material is not integral to or otherwise incorporated in the complaint, it may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are 'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Id.* at 231 (quoting Fed. R. Civ. P. 12(d)).

With respect to the Goodison Declaration, Defendant argues that it may attach the document "because Plaintiffs' counsel elected to attach" certain "exhibits to the Amended Complaint and proffers a reckless interpretation of the Dodd-Frank Act in [sic] effort to justify [its] bad-faith conduct." (Dkt. No. 17-1, at 9). But as stated, it is appropriate for the Court to consider documents attached to a complaint. *See Nicosia*, 834 F.3d at 230. As Defendant has not provided a relevant reason for the Court to consider the Goodison Declaration, the Court will not consider it. Further, neither Plaintiffs nor Defendant provide any justification for why the Court may consider any of the other extrinsic documents submitted, and none appear on their face to have been incorporated or integral to the amended complaint. Consequently, the Court declines to consider them as well.[4]

## B. Breach of Contract

Defendant argues that Plaintiffs' breach of contract claim should be dismissed because the amended complaint "fail[s] to satisfy the facial-plausibility standard" and consists of "mere conjectures."[5] (Dkt. No. 17-1, at 10–11). Plaintiffs argue that they sufficiently alleged all elements of a breach of contract claim. (Dkt. No. 20, at 5–8).

---

[4] While the Court does not consider these documents in determining this motion, the Court notes that Sardo voluntarily dismissed his claims after Defendant filed Sardo's bank account records and argued that Sardo "was not assessed any non-sufficient fund ("NSF") fees" during the relevant time period. (Dkt. No. 21, at 2; Dkt. No. 22).

[5] Defendants also argued that Plaintiffs' claim for breach of the implied covenant should be dismissed. (*See* Dkt. No. 17-1, at 11). Plaintiffs have decided not to pursue this claim. (*See* Dkt. No. 20, at 9 n.3).

"Under New York law, the elements of a breach of contract claim are (1) the existence of a contract, (2) performance by the party seeking recovery, (3) breach by the other party, and (4) damages suffered as a result of the breach." *CVS Pharmacy, Inc. v. Press Am., Inc.*, 377 F. Supp. 3d 359, 374 (S.D.N.Y. 2019) (citing *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)). Plaintiffs' amended complaint alleges the existence of a contract, (*see* Dkt. No. 13, ¶ 79 ("Plaintiffs and [Defendant] have contracted for bank account deposit, checking, ATM, and debit card services.")); adequate performance by Plaintiffs, (*see id.* ¶ 83 ("Plaintiffs and members of the Class have performed all, or substantially all, of the obligations imposed on them under the contract.")); breach by Defendant, (*see e.g.*, *id.* ¶¶ 19 ("Prior to February 2023, Plaintiff Hayes was assessed multiple fees on an item."); 21 ("Prior to February 2023, Plaintiff Carie Warmack was assessed multiple fees on an item."); 24 ("The Account Documents in effect at the time of the fees at issue contain explicit terms indicating that fees will only be assessed once per check or item.")); and damages, (*see id.* ¶ 84 ("Plaintiffs and members of the Class have sustained damages as a result of [Defendant's] breach of the contract.")).

Defendant argues that the amended complaint "is utterly devoid of any factual content as to whether they were in fact charged multiple [insufficient funds] fees prior to February 2023 and an [sic] utterly devoid of any factual content as to why they purportedly believe the contract language supports their allegations." (Dkt. No. 17-1, at 10). But Plaintiffs explicitly state they were "assessed multiple fees on an item" prior to February 2023,[6] (Dkt. No. 13, ¶¶ 19, 21), and detailed specifics regarding breach are not required at this stage, *see Comfort Inn Oceanside v.*

---

[6] Defendant in reply contest the accuracy of the amended complaint's statement that "[p]rior to February 2023, Plaintiff Sardo was assessed multiple fees on an item," (Dkt. No. 21, at 2 (citing Dkt. No. 13, ¶ 20); *see also* Dkt. No. 21-1, ¶¶ 2–3; Dkt. No. 21-2; Dkt. No. 21-3), and question Plaintiffs' counsels' compliance with their Rule 11 obligations, (*see generally* Dkt. No. 21). But, as explained in Part IV.A, *supra*, the Court will not consider these extrinsic documents at this stage of the litigation and Sardo has voluntarily dismissed his claims. (*See* Dkt. No. 22).

6

*Hertz Corp.*, No. 11-cv-1534, 2011 WL 5238658, at *6–8, 2011 WL 5238658, at *17–23 (E.D.N.Y. Nov. 1, 2011))); *see also In re Morgan Stanly Info. Fund Secs. Litigation*, 592 F.3d 347, 358 (2d Cir. 2010) (explaining that under Rule 8(a), "notice pleading supported by facially plausible factual allegations is all that is required—nothing more, nothing less." (citing *Iqbal*, 556 U.S. at 662)).

And Plaintiffs have pled facts that are sufficient to allege that the Account Documents did not contain the disclosures allowing multiple fees to be assessed prior to 2023.[7] (*See* Dkt. No. 13, ¶ 24 ("The Account Documents in effect at the time of the fees at issue contain explicit terms indicating that fees will only be assessed once per check or item."); *see also id.* ¶ 15 n.1 ("Plaintiffs expressly allege upon information and belief that prior to the effective date of these agreements, Defendant never disclosed that it would assess multiple fees on a single item.")). "The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Here, accepting the allegations in the amended complaint as true, the first of these conditions is present. Plaintiffs have alleged that Defendant denied Plaintiffs' requests to access the records associated with Plaintiffs' accounts. (*See* Dkt. No. 13, ¶¶ 60, 61)). Drawing all inferences in Plaintiffs' favor, they have plausibly alleged the terms of the contract. Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' breach of contract claim.

---

[7] Plaintiffs are correct that they are not required to "attach a copy of the contract to the complaint or plead the contract's terms verbatim." (Dkt. No. 20, at 8 (quoting *Murray Eng'g P.C. v. Remke*, No. 17-cv-6267, 2018 WL 3773991, at *6. 2018 U.S. Dist. LEXIS 134404, at *18 (S.D.N.Y. 2018))). "[R]ather, a plaintiff must only 'demonstrate the existence of a contract reflecting the terms and conditions of their purported agreement.'" *Id.* (quoting *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 513 (S.D.N.Y. 2016)).

  C.  **New York General Business Law Section 349**

  Defendant argues that Plaintiffs' claim alleging violations under Section 349 of the New York General Business Law ("GBL") relies on "formulaic recitations of the elements" of the claim, rather than "actual facts." (Dkt. No. 17-1, at 12). Plaintiffs respond that they "have adequately pleaded that [Defendant] misrepresented its fee practices to consumers, resulting in Plaintiffs incurring fees" and point to other cases where courts "have declined to dismiss GBL claims in similar cases challenging the same or similar fee practices." (Dkt. No. 20, at 9).

  Section 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in" the state of New York. N.Y. Gen. Bus. L. § 349(a). "To state a claim under GBL § 349, a plaintiff 'must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act.'" *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014) (quoting *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611 (N.Y. 2000)). "To show that the challenged act or practice was consumer-oriented, a plaintiff must show that it had 'a broader impact on consumers at large.'" *Id.* (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995)). Section 349 claims are not subject to a heightened pleading standard, "but need only meet the bare-bones notice-pleading requirements of Rule 8(a)." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (citations omitted).

  Here, Plaintiff has alleged that Defendant's "policies and practices complained of herein were and are consumer-oriented, in that they affect all consumers who maintain checking accounts with" Defendant, (Dkt. No. 13, ¶ 87); "[t]he complained-of policies and practices were and are misleading in a material respect, because [Defendant] promised to charge one fee per

8

item, when in fact it charged multiple fees on the same item," (*id.* ¶ 88); "[h]ad Plaintiffs and the members of the New York Subclass known they could be charged Multiple Fees on the same item, they would have made different payment decisions so as to avoid incurring such fees and/or would have banked elsewhere," (*id.* ¶ 89); and that "Plaintiffs and members of the New York Subclass were injured as a result of [Defendant's] policies and practices, in that their accounts were debited by [Defendant] in violation of their agreements with the bank," (*id.* ¶ 90). Courts have declined to dismiss claims asserting violations of Section 349 asserting similar facts at a similar level of detail. *See, e.g.*, *Lussoro v. Ocean Fin. Fed. Credit Union*, 456 F. Supp. 3d 474, 490–92 (E.D.N.Y. 2020); *Fairchild-Cathey v. Americu Credit Union*, No. 21-cv-1173, 2023 WL 198101, at *14–15, 2023 U.S. Dist. LEXIS 7343, at *42–45 (N.D.N.Y. Jan. 17, 2023). Defendant does not cite to any caselaw regarding how these facts fail to meet the facial plausibility standard, nor does it identify any other possible deficiencies.[8] Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' claims pursuant to Section 349.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss, (Dkt. No. 17), is **DENIED** in its entirety.

**IT IS SO ORDERED.**

Dated: August 29, 2024

Brenda K. Sannes
Chief U.S. District Judge

---

[8] Defendant notes without further elaboration that "New York case law makes clear that a plaintiff cannot satisfy the 'materially misleading' requirement of GBL § 349 where plaintiff's breach of contract and GBL § 349 claims are premised on the same conduct and the breach of contract claim lacks merit as a matter of law." (Dkt. No. 17-1, at 11–12 (citing *Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639 (E.D.N.Y. 2012))). Since the Court has not found that Plaintiffs' breach of contract claims lack merit as a matter of law, that caselaw does not apply here.